UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RODNEY D. MILLER                                                                                    PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 3:19CV771-TSL-RHW

WARREN COUNTY et al                                                                            DEFENDANTS

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

On October 29, 2019, Plaintiff Rodney D. Miller, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 civil rights complaint alleging false arrest by the Vicksburg Police Department and unconstitutional conditions of confinement at the Warren County Jail. Doc. [1]. The Court set the matter for a screening hearing to be conducted on March 10, 2020 at 1:00 PM. Doc. [15]. The order setting the matter for hearing and a notice of the hearing were mailed to Plaintiff at his address of record: 3527 Ridge Crest Dr., Jackson, MS 39212.

On March 10, 2020, the Court came to order at the appointed time and announced Plaintiff's case. Counsel for Defendants were present; however, Plaintiff did not appear for the hearing. Plaintiff's name was called in the courtroom three times without response. The Courtroom Deputy then went into the hallway to call Plaintiff's name three times as well but received no response. The Courtroom Deputy further advised that according to the front door security officer, no one bearing Plaintiff's name had entered the courthouse indicating that he had a hearing before the undersigned.

### RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff Rodney D. Miller's 42 U.S.C. § 1983 civil rights complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 11th day of March 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE